**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEILING ZHANG, | No.    20-70534 |
| Petitioner, | Agency No. A201-212-337 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024[**]
San Francisco, California

Before:  GOULD, SUNG, and DE ALBA, Circuit Judges.

Meiling Zhang is a native and citizen of China.  Zhang petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an

immigration judge's ("IJ") denial of her motion to reopen her *in absentia* removal

order.  We have jurisdiction under 8 U.S.C. § 1252.  We review the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of an appeal of an IJ's denial of a motion to reopen for abuse of discretion. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We deny the petition for review.

1. Zhang was admitted to the United States on or about February 3, 2011 as a nonimmigrant visitor with authorization to stay until August 2, 2011. On December 15, 2017, the Department of Homeland Security served Zhang a Notice to Appear charging her with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying her visa. In immigration court, Zhang conceded her removability on this basis. On July 6, 2018, Zhang was served a Notice of Hearing informing her that a master calendar hearing would take place on August 28, 2018.

2. Zhang failed to appear for her August 28, 2018 hearing, and the IJ ordered her removed *in absentia*. The immigration court mailed a copy of the *in absentia* removal order to Zhang at her address in Monterey Park, California.

3. On May 28, 2019, Zhang, through counsel, filed a motion to reopen her *in absentia* removal order with the IJ, contending that her failure to appear was due to an exceptional circumstance, her traumatic lumbar sprain. The IJ denied Zhang's motion to reopen, holding that the motion was untimely because the 180-day statutory deadline, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), meant the motion had to be filed on or before February 24, 2019. Zhang appealed the decision to the BIA and argued that the IJ should have applied equitable tolling. Zhang alleged for the

2

first time that her traumatic lumbar sprain prevented her from timely filing her motion to reopen within the 180-day deadline. The BIA affirmed the IJ's denial of the motion as untimely, holding that equitable tolling did not apply because Zhang had not supported her contention that a physical condition prevented her from filing the motion until May 28, 2019.

4. An *in absentia* removal order can be rescinded if a petitioner files a motion to reopen within 180 days and demonstrates that her "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Equitable tolling of a filing deadline for a motion to reopen is available "during periods when a petitioner is prevented from filing because or deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

5. The BIA did not abuse its discretion by finding that Zhang's motion to reopen was untimely and did not warrant equitable tolling. Zhang did not give sufficient evidence to support her contention that her physical condition prevented her from timely filing her motion to reopen. The written statement, doctor's note, and medical records that Zhang provided were all dated August 28, 2018, the date of Zhang's hearing at which the IJ issued her *in absentia* removal order. Zhang did not provide any evidence supporting her contention that her medical condition prevented her from filing her motion to reopen until May 28, 2019, more than three

3

months after the 180-day statutory deadline.

**PETITION DENIED.**